UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARJORIE TYLKE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>J.A. CAMBECE LAW OFFICE, P.C., and CACH, LLC,<br><br>　　　　　Defendants. | Case No.: 14-cv-213<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Marjorie Tylke is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act in that she engaged in a consumer transaction. Wis. Stat. § 421.301(17).

6. Defendant J.A. Cambece Law Office, P.C. ("Cambece") is a law firm with its principal place of business located at 8 Bourbon St., Peabody, Massachusetts 01960.

7. Cambece is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Cambece is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Cambece is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

9. Defendant CACH, LLC ("CACH") is a foreign limited liability company with its principal place of business located at 1675 Broadway, Suite 1200, Denver, CO 80202.

10. CACH is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time CACH acquires them.

11. Cambece, a law firm, is CACH's agent with respect to the collection of the Plaintiff's and class members' alleged debts.

12. CACH, both directly and indirectly, is a debt collector under the above arrangement and, as principal, is jointly responsible for its agent's (i.e. Cambece's) actions. *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404-05 (3d Cir. 2000); *citing First Interstate Bank of Fort Collins v. Soucie*, 924 P.2d 1200, 1202 (Colo. Ct. App. 1996) ("Federal courts that have considered the issue have held that the client of an attorney who is a 'debt collector,' as defined in § 1692a(6), is vicariously liable for the attorney's misconduct if the client is itself a debt collector as defined in the statute. Thus, vicarious liability under the FDCPA will be imposed for an attorney's violations of the FDCPA if both the attorney and the client are debt collectors as defined in § 1692a(6).")

2

Case 2:14-cv-00213-NJ   Filed 02/26/14   Page 2 of 9   Document 1

## FACTS

13. On or about December 3, 2013, Cambece mailed a debt collection letter to Plaintiff regarding an alleged debt owed to CACH. A copy of this letter is attached to this Complaint as Exhibit A.

14. Upon information and belief, Exhibit A was the first letter Cambece sent Plaintiff regarding the alleged debt to which the letter refers.

15. Upon information and belief, the alleged debt that Cambece was attempting to collect by sending Exhibit A to Plaintiff was an alleged credit card account used only for personal, family or household purposes.

16. Upon information and belief, the alleged debt that Cambece was attempting to collect by sending Exhibit A to Plaintiff, was assigned to CACH after the alleged account was in default and was sold to CACH as "bad debt."

17. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

18. Exhibit A is on Cambece's attorney letterhead, which identifies the firm as a "Law Office."

19. Exhibit A falsely implies that an attorney was meaningfully involved in the collection of the account in December 2013.

20. The Seventh Circuit has stated: "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir.1996).

21. "If a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word 'attorney' in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become professionally involved in the debtor's file." *Id.*

22. "In the alternative, a lawyer acting as a debt collector must notify the consumer, through a clear and prominent disclaimer in the letter, that the lawyer is wearing a 'debt collector' hat and not a 'lawyer' hat when sending out the letter." *Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009); *citing Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 361-62 (2d Cir. 2005) ("At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.").

23. Exhibit A does not include a "clear and prominent disclaimer" like the one discussed in *Greco*, 412 F.3d at 361-62. Instead, it includes the following ambiguous statement: "At this time, an attorney with this firm *may not have* personally reviewed the particular circumstances of your account." (emphasis added.)

24. The above statement is not "a clear and prominent disclaimer." The equivocal "may not have" does not inform the consumer whether Cambece is acting as solely as a debt collector or as an attorney. In contrast, the disclaimer in *Greco* was unambiguous: "At this time, *no attorney* with this firm *has personally reviewed* the particular circumstances of your account." (emphasis added.)

25. An unsophisticated consumer would understand Exhibit A to be letters from a law firm, and would believe that legal action will or could imminently be taken against him or her.

4

26. Upon information and belief, at the time Exhibit A was mailed to Plaintiff and the class, no attorney had assessed the validity of the alleged debts to the standards required of an attorney.

27. Upon information and belief, at the time Exhibit A was mailed to Plaintiff and the class, no attorney at Cambece had reviewed any documentation underlying the alleged debts, including but not limited to any contract, payment history or any other documents establishing or evidencing the alleged debts.

28. Upon information and belief, at the time Exhibit A was mailed to Plaintiff, no attorney at Cambece had reviewed anything relating to Plaintiff's account. Instead, a computer or a non-attorney assistant at Cambece or a third party mailing company generated and mailed Exhibit A as part of a batch of identical, except for personal information, form debt collection letters.

29. Upon information and belief, at the time Exhibit A was mailed to Plaintiff and the class, no attorney at Cambece had exercised the professional judgment of an attorney that Plaintiff or any other class member was delinquent on his or her debt and a candidate for legal action, nor was any attorney at Cambece meaningfully involved in the decision to send Exhibit A to Plaintiff and the class.

30. Upon information and belief, no attorney at Cambece personally reviews each class member's collection letter in any meaningful sense, before the letter is mailed.

31. Upon information and belief, no attorney at Cambece makes an individualized assessment of the class member's circumstances or liability, before Exhibit A is mailed to each class member.

32. Upon information and belief, no attorney at Cambece is licensed to practice in Wisconsin. *See* http://www.cambecelaw.com/staff.html.

5

33. The threat that "our client may choose to request an attorney review of your file" is misleading. Attorneys at Cambece cannot represent creditors in actions in Wisconsin against Wisconsin consumers. The unsophisticated consumer would not understand that this "review of your file" by Cambece would not lead to a lawsuit.

34. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. 15 U.S.C. § 1692e(3) specifically prohibits: "The false representation or implication that any individual is an attorney or that any communication is from an attorney."

36. 15 U.S.C. § 1692e(5) specifically prohibits: "The threat to take any action that cannot legally be taken or that is not intended to be taken."

37. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

38. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

39. Wis. Stat. § 427.104(1)(h) prohibits: "Engag[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

40. Wis. Stat. § 427.104(1)(L) prohibits: "Threaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

41. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

42. Exhibit A threatens a lawsuit, and/or implies that Cambece could take legal action against the recipient of the letter.

6

43. At the time <u>Exhibit A</u> was mailed to the class, Cambece had no intention or ability to bring a lawsuit in Wisconsin, or to represent creditors in such a lawsuit.

44. CACH is responsible for the actions of its agent, Cambece, that violate the FDCPA.

45. Defendants violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692f.

## COUNT II – FDCPA

46. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

47. <u>Exhibit A</u> creates the false impression that an attorney at Cambece had personally reviewed the circumstances of Plaintiff's and class members' alleged debts and <u>Exhibit A</u> itself, and "reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action," at the time that the letters were mailed to Plaintiff and class members.

48. Before mailing <u>Exhibit A</u> to Plaintiff and the class, no attorney at Cambece had any meaningful involvement with Plaintiff's or class members' alleged debts or the letters. *Avila*, 84 F.3d at 229; *Nielsen v. Dickerson*, 307 F.3d 623, 635 (7th Cir. 2002).

49. CACH is responsible for the actions of its agent, Cambece, that violate the FDCPA.

50. Such conduct violates 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

## COUNT III – WCA

51. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

52. <u>Exhibit A</u> threatens and implies legal action notwithstanding the fact that, upon information and belief, neither Cambece, nor CACH had any intention of initiating such action at the time <u>Exhibit A</u> was sent.

7

53. CACH is responsible for the actions of its agent, Cambece, that violate the WCA.

54. Defendants violated Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(L).

## CLASS ALLEGATIONS

55. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter by J.A. Cambece Law Office, P.C. in the form represented by Exhibit A, (c) seeking to collect a debt allegedly owed to CACH, incurred for personal, family or household purposes, (d) on or after February 26, 2013, (e) that was not returned by the postal service.

56. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

57. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and the WCA.

58. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

59. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

60. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

61. Plaintiff hereby demands a trial by jury.

8

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 26, 2014

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com